UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

**Regina Boston,**
*Plaintiff,*

Case No. 3:14 cv 355

-v-

**MEDICREDIT, INC,**
*Defendant.*

**TRIAL BY JURY DEMANDED**

## VERIFIED COMPLAINT

### INTRODUCTION

COMES NOW, Plaintiff, Regina Boston, (hereinafter Plaintiff) individually, hereby sues

DEFENDANT, Medicredit, Inc. for violations of the Telephone Consumer Protection Act, 47 U.S.C. §

227 *et seq.* ("TCPA") 47 U.S.C. § 227(b)(1), 47 U.S.C. § 227(a)(iii) *et seq.*, Fair Debt Collection

Practices Act, 15 U.S.C. 1692 *et seq.*, North Carolina Debt Collection Act, N.C. Gen. Stat. § 58-70, *et*

*seq.*, and alleges that DEFENDANT, repeatedly and unlawfully placed calls to Plaintiff's cellular

telephone in an attempt to collect an alleged debt and engaged that did not belong to her.

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d ), Fair

Credit Reporting Act, 15 U.S.C. 1681 *et seq.*, ("FCRA"),  and supplemental jurisdiction exists for

the state law claims pursuant to 28 U.S.C. § 1367.

2.      This court has jurisdiction as the Plaintiff lives in Mecklenburg County North Carolina, and

the acts complained of herein occurred in Mecklenburg County North Carolina.

3.      Venue is proper in the Western District of North Carolina pursuant to 28 U.S.C. §1391b, in

that the Plaintiff resides here, DEFENDANT transacts business here, and the conduct complained

of occurred here.

## PARTIES

4.      The Plaintiff is an adult natural person residing in North Carolina, in the County of Mecklenburg.

5.      Medicredit, Inc. , (hereinafter DEFENDANT) is a debt collection company with a principal place of business at 3 City Place Drive, Suite 690, St Louis, MO 63141.

## GENERAL ALLEGATIONS

6.      The instant lawsuit stems from the telephonic collection efforts of DEFENDANT during the time period beginning on or about **October 14, 2013**.

7.      During the subject time period, DEFENDANT used an automatic telephone dialing system to place multiple calls originating from phone number 888-213-9688 to Plaintiff's cellular telephone number 704-606-2642 seeking to collect an alleged debt.

8.      Plaintiff has never given DEFENDANT permission to call her cell phone.

9.      Each time Plaintiff answered DEFENDANT's call she was met with a recording that stated, "this call is for Sandra Turner. If you are Sandra not Sandra Turner, please press 2", and with no live person on the other end.

10.     When Plaintiff hit number 2, Plaintiff was only met by more subsequent calls

11.     DEFENDANT placed multiple calls to Plaintiff's wireless cell phone repeatedly, invading Plaintiff's right to privacy and the calls were not for an emergency purpose.

12.     At times, DEFENDANT's calls interrupted Plaintiff while she was working.

13.     DEFENDANT's calls caused disruptions to Plaintiff's work schedule, social engagements, recreational and time with family.

14.     From October 14, 2013 to October 17, 2013, DEFENDANT placed **at least 8 calls** to Plaintiff's cell phone using an automatic telephone dialing system each time.

15. Plaintiff maintains that DEFENDANT's repeated telephone calls were unlawful as DEFENDANT did not have Plaintiff's "prior express consent" or any prior or present established business relationship with DEFENDANT.

16. Despite its familiarity with the TCPA, DEFENDANT either willfully or knowingly violated the TCPA in placing these calls to the Plaintiff's cellular telephone even after Plaintiff would indicate that she was not Sandra Turner each time.

17. Plaintiff's cellular phone number has been on the federal "Do Not Call" Registry since 2007.

18. Discovery of the violations brought forth herein are within the statute of limitations as defined in TCPA 47 U.S.C. § 227 *et seq.*

<u>COUNT I</u>
<u>VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
(TCPA) 47 U.S.C. § 227AND THE FAIR DEBT COLLECTION PRACTICES ACT
(FDCPA), 15 U.S.C. § 1692 et seq., BY MEDICREDIT, INC.</u>

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. At all relevant times DEFENDANT – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

21. Medicredit, Inc., is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

22. At all times relevant to this complaint, DEFENDANT sought to collect a "consumer" debt from Regina Boston who did not owe a debt to DEFENDANT.

23. DEFENDANT violated §1692e(10) of the FDCPA by using false and deceptive means in an attempt to collect a debt from Plaintiff because Plaintiff does not owe an alleged debt to DEFENDANT.

24. Defendant violated §1692f(1) of the FDCPA by attempting to collect a debt that is not authorized by the agreement because Plaintiff does not owe the debt.

the collection of any alleged debt.

25. **All 8 calls** placed by DEFENDANT were conducted in the same manner as described herein and continued in the same manner until October 17, 2013.

26. DEFENDANT's conduct violated Plaintiff's rights pursuant to 15 U.S.C. §§ 1692d(5) and 1692d(6). *See* 15 U.S.C. § 1692b; *Clark v. Weltman, Weinberg & Reis, Co.*, L.P.A., 2010 WL 2803975, at *2 (S.D. Fla. July 15, 2010) (stating that allegations which support a cause of action under the TCPA may also support a violation of the FDCPA).

27. Plaintiff has suffers from anger and anxiety as a result of these violations of the FDCPA.

28. On October 14, 2013 at 16:12 P.M., DEFENDANT called Plaintiff's wireless phone number **704-606-2642** from 888-213-9688 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. DEFENDANT's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

29. On October 15, 2013 at 12:32 P.M and again at 14:18 P.M., DEFENDANT called Plaintiff's wireless phone number **704-606-2642** from 888-213-9688 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. DEFENDANT's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

30. On October 16, 2013 at 13:29 P.M. and again at 22:56 P.M., DEFENDANT called Plaintiff's wireless phone number **704-606-2642** from 888-213-9688 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. DEFENDANT's harassing and abu-

Complaint for Violations of the FDCPA, NCDCA & TCPA Page 4 of 8

Case 3:14-cv-00355-FDW-DCK Document 1 Filed 06/25/14 Page 4 of 9

sive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

31.     On October 17, 2013 Defendant place three (3) calls, at 13:34 P.M., at 15:12 P.M., and again at 21:52 P.M. DEFENDANT called Plaintiff's wireless phone number **704-606-2642** from 888-213-9688 using an ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. DEFENDANT's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

32.     DEFENDANT appears to have demonstrated willful or knowing non-compliance with 47 U.S.C. § 227(b)(1)(A) (iii) by using an automatic telephone dialing system to call the Plaintiff's number which is assigned to a cellular telephone service and is not legally permitted under any provision of the aforementioned statute.

33.     DEFENDANT has called Plaintiff's cellular phone a **total of 8 times**, which appears to be **8 separate violations** of 47 U.S.C. § 227(b)(1)(A).

34.     The last 7 calls are subject to treble damages pursuant to 47 U.S.C. § 227(b)(3).

35.     An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

36.     Plaintiff is entitled to damages of $1,500 per violation pursuant to 47 U.S.C. § 227(b)(3)(B).

37.     Plaintiff and DEFENDANT do not have an established business relationship within the meaning of 47 U.S.C. § 227.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a.   Adjudging that DEFENDANT violated the FDCPA and the TCPA;

b.   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000;

c. Awarding Plaintiff statutory damages pursuant to 47 U.S.C. § 227(b)(3);

d. Awarding Plaintiff any attorney's fees and costs incurred in these actions;

e. Awarding such and other and further relief as the court may deem just and proper.

f. If there are deficiencies, the court should allow the pro per Plaintiff, under *Haines v. Kerner* to amend her complaint to properly address any deficiencies and to add additional counts if DEFENDANT continues to violate sections of the Telephone Consumer Protections Act after the date of the filing of this complaint.

## COUNT II
## VIOLATIONS OF NORTH CAROLINA DEBT COLLECTION ACT
## HARASSMENT BY MEDICREDIT, INC.
### N.C. Gen. Stat. § 58-70, et seq.

38.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.     The Plaintiff is a "person" as the term is defined by N.C. Gen.Stat. § 58-70-6(4).

40.     Plaintiff is a consumer within the meaning of the N.C.G.S § 75-50.

41.     The Defendant is a "collection agency" as the term is defined by N.C. Gen.Stat. § 58-70-15, and is duly licensed collect debt in the state of North Carolina pursuant to N.C. Gen.Stat. § 58-70-1.

42.     The Defendant caused a telephone to ring with such frequency as to be unreasonable or to constitute harassment to the Plaintiff under the circumstances, in violation of N.C. Gen.Stat. § 58-70-100(3).

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a. Adjudging that DEFENDANT violated the NCDCA;

b. Awarding Plaintiff statutory damages, pursuant to N.C.G.S. § 75-56(b). in the amount of $4,000;

c. Awarding Plaintiff any attorney's fees and costs incurred in this action;

d. Awarding such and other and further relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: June 20, 2014

Respectfully Submitted,

By: _Regina Boston_

Regina Boston

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE of North Carolina      )
                                 ) ss

COUNTY OF Mecklenburg     )

Plaintiff, Regina Boston, hereby declares that the foregoing is true and correct:

1. I am the Plaintiff in this civil proceeding.

2. I have read the foregoing Verified Complaint and I believe that all of the facts contained therein are true to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded, cognizable in facts and warranted by existing law or by good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass DEFENDANT, cause them unnecessary delay, or to create a needless increase in the cost of litigation to any DEFENDANT, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, Regina Boston, hereby declare that the foregoing is true and correct.

Dated: June 20, 2014

By: _Regina Boston_

Regina Boston

# CERTIFICATE OF ACKNOWLEDGENMENT OF NOTARY PUBLIC

State of North Carolina

County of Mecklenburg

This document is acknowledged and sworn before me on this 23ᵗʰ day of June, 2014.

_____
Signature of Notary Officer

My Commission expires: _09-25-2017_

NOTARY SEAL

*Regina Boston*

---

CHETAN PATEL
NOTARY PUBLIC
MECKLENBURG COUNTY, N.C.
My Commission Expires 9-25-2017

State of North Carolina
County of Mecklenburg

Subscribed and sworn to (or affirmed) before me on this 23 day of June 20 14, by _REGINA BOSTON_
proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____