UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00355-FDW-DCK

| | |
|---|---|
| REGINA BOSTON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MEDICREDIT, INC., )<br>)<br>Defendant. )<br>) | ORDER |

**THIS MATTER** is before the Court on Plaintiff's Motion to Proceed in Forma Pauperis. (Doc. No. 2), pursuant to 28 USC § 1915 (2012). In her application, Ms. Boston has not fully disclosed her income. She has failed to specify her pay period − instead indicating that her "commissions vary." This does not provide the Court with sufficient information to determine whether Ms. Boston qualifies to proceed *in forma pauperis*. Therefore, Plaintiff's motion is DENIED, unless or until she provides the Court with income tax records that prove her eligibility.

Further, the Court recognizes that on May 9, 2013, the Honorable Judge Mullen issued a pre-filing injunction against Ms. Boston for pursuing litigation without a good faith basis for doing so, causing needless burden to other parties and this Court. Judge Mullen's injunction prohibited Ms. Boston from filing suits *in forma pauperis* under the Fair Credit Reporting Act.

The present action is filed under two federal statutes - the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Thus, Judge Mullen's pre-filing injunction is inapplicable. However, the undersigned finds it necessary to revisit the factors governing the issuance of a pre-filing injunction found in Cromer

v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004). In determining whether a pre-filing injunction is substantively warranted, a court must weigh the following: (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of other sanctions. Id.

Judge Mullen has already found that Ms. Boston has a history of vexatious and bad-faith litigation. Additionally, the burden she is creating for the Court weighs in favor of extending the injunction. When a plaintiff seeks to proceed *in forma pauperis*, the Court must review her complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). While this process requires an expenditure of court resources, it must be done since the monetary deterrent against frivolous claims is non-existent when the plaintiff proceeds essentially for free.

Ms. Boston has appeared as a party in at least seventeen cases in the Western District since 2012. In all but one of these cases, Ms. Boston has moved to proceed *in forma pauperis*. This type of repetitive filing has served to hinder the judicial economy and efficiency of the court. The narrow injunction issued by Judge Mullen has not altered Ms. Boston's conduct. She continues to bring lawsuits under different statutes and demands a rapid response from the Court in deciding her motions. In order to prevent the waste of judicial time and resources stemming from overly litigious plaintiffs such as Ms. Boston, the Court hereby EXTENDS the pre-filing

injunction to all cases in which Ms. Boston seeks to proceed *in forma pauperis.* Ms. Boston must seek the Court's permission before filing any type of IFP case in the Western District.

For the reasons stated above Plaintiff's Motion to Proceed in Forma Pauperis is DENIED.

**IT IS SO ORDERED.**

Signed: October 15, 2014

Frank D. Whitney
Chief United States District Judge