UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00355-FDW-DCK

| | |
|---|---|
| REGINA BOSTON, Plaintiff, vs. MEDICREDIT, INC., Defendant. | ORDER |

**THIS MATTER** is before the Court on Plaintiff's Second Motion for Reconsideration Denying Plaintiff's Motion for Leave to Proceed In Forma Pauperis (IFP). This Court has previously denied Ms. Boston IFP status in the instant case based on her failure to provide the Court financial documents relevant to her IFP application.

Upon request, Ms. Boston mailed her 2013 tax records to the undersigned on October 29, 2014. The records reflect that Ms. Boston, as a sole proprietor, received $25, 089 in gross income from her business of insurance sales for the year of 2013. Her net profit, however, was a mere $240, due to miscellaneous expenses of varying, yet small, amounts and one large "car and truck expense" in the amount of $17,932. Ostensibly, as a result of this expenditure, Ms. Boston now believes she qualifies to proceed IFP, based on her net profit amount of $240.

According to the IRS 2013 Instructions for Schedule C, Ms. Boston's expense on Part II, Line 9 of her Schedule C represents the calculation of her mileage based on the standard mileage rate for 2013 (56.5 cents per mile plus parking fees and tolls). In Part IV, Ms. Boston claims that she drove 30,261 business miles during 2013, and that she has written evidence to support this claim.

Given Ms. Boston's line of work, this outstanding number of miles seems dubious at best. The Court therefore refuses to grant Ms. Boston's IFP application once again, unless or until she can provide hard evidence that she does indeed qualify (such as the written evidence she claims exists supporting her claim of 30,261 business miles).

The Court reiterates the reason for its hesitance to grant IFP status absent diligent inquiry. Typically, the financial cost of filing a claim serves as an effective deterrent against the filing of frivolous actions. When the plaintiff proceeds for free, she places on the <u>Court</u> the obligation of determining whether a complaint is frivolous before it proceeds to the next stages of litigation. The extra burden on the Court weighs heavily when multiplied by the number of IFP claims pending at a given time. Thus, it is imperative that the Court grant IFP status only to those who are truly deserving.

For the reasons stated above, the Court DENIES Plaintiff's Second Motion for Reconsideration.

**IT IS SO ORDERED.**

Signed: November 20, 2014

Frank D. Whitney
Chief United States District Judge